IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ECLIPSE IP LLC, a Florida Limited Liability Company, | |
| *Plaintiff*, | Case Number: |
| v. | Judge: |
| NASTY GAL, INC., a California Corporation | Magistrate Judge: |
| *Defendant*. | **COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff Eclipse IP LLC ("Eclipse"), by and through its undersigned counsel, complains against Defendant, Nasty Gal, Inc. ("Nasty Gal" or "Defendant") as follows:

## NATURE OF LAWSUIT

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq.* This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENTS

2. Eclipse is a company organized under the laws of Florida and having a principal place of business at 711 SW 24th St., Boynton Beach, Florida 33435.

3. Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,876,239 ("the '239 patent"), entitled "Secure notification messaging systems and methods using authentication indicia" (Exhibit A); United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response systems and methods for notification systems for modifying future notifications" (Exhibit B); and United States Patent No. 7,479,899 ("the '899 patent"), entitled "Notification systems and methods enabling a

1

response to cause connection between a notified PCD and a delivery or pickup representative" (Exhibit C).

4. On information and belief, Nasty Gal is a corporation existing under the laws of California.

5. On information and belief, Nasty Gal does regular business in this Judicial District and conduct leading to Nasty Gal's acts of infringement has occurred in this Judicial District.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Nasty Gal because it has engaged in continuous and systematic business in Illinois; upon information and belief, derives substantial revenues from commercial activities in Illinois; and, upon information and belief, is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) at least because the claim arises in this Judicial District, Nasty Gal may be found and transacts business in this Judicial District, and injuries suffered by Plaintiff took place in this Judicial District. Nasty Gal is subject to the general and specific personal jurisdiction of this Court at least because of its contacts with the State of Illinois.

## NASTY GAL'S ACTS OF PATENT INFRINGEMENT

8. Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 7 above as if fully set forth herein.

9. Nasty Gal is an online retailer specializing in fashion clothing, shoes, and accessories for young women.

10. As a part of its business, Nasty Gal owns, uses, deploys, and/or operates at least one computerized service and/or system, the Nasty Gal System, for providing automated, secure and/or computer-based notifications to its customers.

## CLAIMS FOR RELIEF

### COUNT 1
(Patent Infringement of U.S. Patent No. 7,876,239
Under 35 U.S.C. § 271 *et seq.*)

11. Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 10 above as if fully set forth herein.

12. On January 25, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,876,239, entitled "Secure notification messaging systems and methods using authentication indicia." Eclipse is the owner of the entire right, title and interest in and to the '239 patent. A true and correct copy of the '239 patent is attached as Exhibit A to this Complaint.

13. The '239 patent is valid and enforceable.

14. Eclipse is informed and believes, and thereupon alleges, that: (1) Defendant has infringed and continues to infringe one or more claims of the '239 patent, literally and/or under the doctrine of equivalents in this District and elsewhere in the United States.

15. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '239 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling computer-based notification systems and methods to, for example: enable a customer to provide or select authentication information; store the authentication information; monitor travel data in connection with orders place via Defendant's website, initiate notifications to the customer, and provide the stored authentication information.

16. On information and belief, Defendant has had knowledge of the '239 patent at least as early as February 10, 2014, the day that it was served with a demand letter, which

specifically identified the '239 patent and set forth factual allegations of Defendant's infringement.

17.     On information and belief, Defendant has not changed or modified its infringing behavior since February 10, 2014.

18.     Defendant's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

## COUNT 2
### (Patent Infringement of U.S. Patent No. 7,119,716
### Under 35 U.S.C. § 271 *et seq*.)

19.     Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 18 above as if fully set forth herein.

20.     On October 10, 2006, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,119,716, entitled "Response systems and methods for notification systems for modifying future notifications." Eclipse is the owner of the entire right, title and interest in and to the '716 patent. A true and correct copy of the '716 patent is attached as Exhibit B to this Complaint.

21.     The '716 patent is valid and enforceable.

22.     Eclipse is informed and believes, and thereupon alleges, that: Defendant has infringed and continues to infringe one or more claims of the '716 patent, literally and/or under the doctrine of equivalents in this District and elsewhere in the United States.

23. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '716 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling computer-based notification systems and methods to, for example: collect a customer's contact data via its website; store the contact data in computer memory; provide electronic notification communications in the form of, at least, emails to the customer which enable the customer to respond and change the contact data; and modifying the manner in which Defendant implements future communications to said customer.

24. On information and belief, Defendant has had knowledge of the '716 patent at least as early as February 10, 2014, the day that it was served with a demand letter, which specifically identified the '716 patent and set forth factual allegations of Defendant's infringement.

25. On information and belief, Defendant has not changed or modified its infringing behavior since February 10, 2014.

26. Defendant's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

**COUNT 3**
(Patent Infringement of U.S. Patent No. 7,479,899
Under 35 U.S.C. § 271 *et seq*.)

27. Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

5

28. On January 20, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,479,899, entitled "Notification systems and methods enabling a response to cause connection between a notified PCD and a delivery or pickup representative." Eclipse is the owner of the entire right, title and interest in and to the '899 patent. A true and correct copy of the '899 patent is attached as Exhibit C to this Complaint.

29. The '899 patent is valid and enforceable.

30. Eclipse is informed and believes, and thereupon alleges, that: Defendant has infringed and continues to infringe one or more claims of the '899 patent, literally and/or under the doctrine of equivalents in this District and elsewhere in the United States.

31. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '899 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling computer-based notification systems and methods to, for example: monitor travel data in connection with orders place via Defendant's website; initiate notifications to customers; and enable such customers to select whether or not to communicate with Defendant.

32. On information and belief, Defendant has had knowledge of the '899 patent at least as early as February 10, 2014, the day that it was served with a demand letter, which specifically identified the '899 patent and set forth factual allegations of Defendant's infringement.

33. On information and belief, Defendant has not changed or modified its infringing behavior since February 10, 2014.

34. Defendant's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against Defendant and against each of Defendant's respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1. A judgment that Defendant has infringed each and every one of the Eclipse Patents;

2. A permanent injunction against Defendant, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from direct and indirect infringement of each and every one of the Eclipse Patents;

3. An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

4. A reasonable royalty for Defendant's use of Eclipse's patented technology, as alleged herein;

5. An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285; and,

6. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  June 27, 2014										Respectfully submitted,

                               ___*/s/ David C. Van Dyke*_____

                               David C. Van Dyke, #6204705
                               Emily Bennett. #6305461
                               Howard & Howard Attorneys PLLC
                               200 South Michigan Ave., Suite 1100
                               Chicago, IL 60604
                               Telephone: (312) 456-3641
                               Facsimile: (312) 939-5617
                               Email: dvd@h2law.com
                               Email: eeb@h2law.com